Reverend and Mrs. Harold L. DuRossette v. Commissioner.
Reverend & Mrs. Harold L. DuRossette v. Commissioner
Docket No. 28556.
United States Tax Court
1952 Tax Ct. Memo LEXIS 246; 11 T.C.M. (CCH) 413; T.C.M. (RIA) 52115; April 23, 1952
*246 Harlow B. King, Esq., 1009 Commerce Bldg., Kansas City, Mo., for the petitioners. Melvin A. Bruck, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent has determined a deficiency in income tax for the year 1948 in the amount of $1,224.38. The questions are whether the petitioners are individually liable for tax upon capital gain realized upon the sale of church property, upon monies received by an unincorporated church organization of which he is the pastor, and the correct amount of the basis for computing gain upon the sale of the property. The petitioners filed a joint return for 1948 with the collector for the sixth district of Missouri. Findings of Fact Harold and Constance DuRossette, husband and wife, resided in Kansas City, Missouri, during 1948. The issue presented relates to Harold DuRossette, and he is referred to hereinafter as the petitioner. The petitioner is an ordained minister of the Radio Prayer League which has its headquarters in Denver, Colorado. He is, and during 1948 was, the minister or pastor of the Amazing Grace Tabernacle Church in Kansas City, Missouri, which is an undenominational *247 church. The Radio Prayer League is a Colorado corporation. The Amazing Grace Tabernacle Church was not a corporation in 1948. Prior to 1948 the Amazing Grace Tabernacle Church occupied a church building located at Prospect and 29th Streets in Kansas City, Missouri. The church property was purchased with church funds - the offerings made to the church by its congregation. Title to the church property was held by Reverend Harold L. DuRossette and Constance B. DuRossette, as trustees for the Amazing Grace Tabernacle, a religious institution. No written trust agreement was executed. In 1948, upon the adoption of a resolution by the board of deacons of Amazing Grace Tabernacle, its church property was sold to the African Methodist Episcopal (A.M.E.) Zion Church of Kansas City, Missouri, for a total consideration of $16,000, and the net amount of $14,997.65 was realized after various expenses of $1,002.35. The basis of the property for computing gain was $4,750. The property cost $2,250. Improvements cost $2,500, and they are spread over the years 1943, 1944, 1945, 1946, 1947, and 1948. The gain realized from the sale of the property was $10,247.65. The petitioner deposited the amount *248 received for the church property in a trustee bank account in the name of "H. L. DuRossette and Constance B. DuRossette, Trustees for the Amazing Grace Tabernacle." The proceeds from the sale of the Prospect Street church property were used for the purchase of a piece of realty and for the construction of a new church building at 4603 Linwood Blvd., Kansas City, Missouri. The purchase was authorized by the board of deacons. The new church building was completed in 1949. Title to the new property was in the name of H.L. and Constance DuRossette, trustees for Amazing Grace Tabernacle. On August 7, 1951, the Amazing Grace Tabernacle, a religious institution, was incorporated under the laws of the State of Missouri. On September 12. 1951, a deed was made and given by the Reverend Harold L. DuRossette and Constance B. DuRossette, trustees for the Amazing Grace Tabernacle to the Amazing Grace Tabernacle Church of Kansas City, Missouri, a corporation. The petitioners did not receive any consideration for the transfer of the property to the corporation. During 1948, and in prior years, the Amazing Grace Tabernacle was a non-profit, non-denominational, religious organization, organized *249 and maintained solely for religious aims and purposes. There was a board of deacons consisting of five deacons, a treasurer, a secretary, and a pastor. The board of deacons met monthly, if not oftener. The board managed the affairs of the church. A church roll of members was kept. Minutes of meetings and records of receipts and disbursements were kept. The pastor was paid a salary of $55 per week. The written records of the disbursements of church funds for 1948 are incomplete. Unrecorded expenditures in the total amount of $273.26 were made during 1948, as follows: $160 for oil; $90 for coal; and $23.26 for newspaper advertisements. Alleged expenditures are unexplained to the extent of $625. The petitioner received salary from the church during 1948 in the total amount of $2,860. The petitioners did not receive any amount from the church in excess of the above total amount of salary. They had no income from any other source during 1948. The petitioners did not exercise dominion and control over the funds and receipts of the church. Control was exercised by the board of deacons, the secretary, and the treasurer. The organization of the Amazing Grace Tabernacle Church was exclusively *250 a charitable, non-profit, religious trust, of which the petitioners were the trustees in 1948, and during prior years, and following 1948, until the church was incorporated under the laws of the State of Missouri. The members of the church, as a class, were the beneficiaries of the trust, a charitable and religious trust. The petitioners did not personally own the church property, located on Prospect Street, during 1948. They held the property only as trustees for the members of the church. All funds of the church were held in trust for the members of the church, and none of its receipts or earnings inured to the benefit of any private person. The petitioners did not receive, as individuals, the proceeds from the sale of the church property in 1948, and they did not realize any gain from the sale, as individuals. They are not individually liable for tax on the gain from the sale. The petitioners filed a joint return for 1948 in which the salary of the Reverand DuRossette, received from the church, was correctly reported. There is no deficiency in income tax owing by the petitioners for the year 1948. Opinion Under section 101(6) of the Internal Revenue Code *251 , a corporation organized exclusively for religious purposes, no part of the net earnings of which inures to the benefit of any private individual or shareholder, is exempt from Federal income tax. The Amazing Grace Tabernacle was, in 1948, a non-denominational church, but since it was not an incorporated religious organization, it does not qualify under section 101(6) of the Code so as to have been tax exempt in 1948. Otherwise, its organization met all of the requirements of section 101(6) during the taxable year. It appears that no fiduciary or other type of income tax return was filed for the church for 1948. For that and other reasons - lack of facts about the true nature of the church, no doubt - the respondent added to the net taxable income of the petitioners two items of income upon audit of the church records: an item of $898.26, the difference between the recorded receipts and expenditures of the church for 1948; and $6,536.33, taxable net long-term capital gain realized upon the sale in 1948 of the church property. The petitioners, in their petition, deny that they are personally taxable for any earnings or profits of the church; that the church had net earnings of $898.26; *252 and that the gain from sale of the property amounted to more than $10,247.65. With respect to the last two items, as shown by the findings of facts, the basis of the church property was $4,750, which includes the cost of improvements amounting to $2,500; and the gain amounted to only $10,247.65. The respondent erred in his computation of the amount of the net capital gain, having used a basis of less than $4,750 for computing the gain. Also, the unexpended church receipts for 1948 did not exceed $625, the evidence showing that there were unrecorded church expenses of $273.26. In making this finding the Court has made an estimate of the cost of church advertising. Cohan v. Commissioner, 39 Fed. (2d) 540. The chief question is whether the petitioners are liable for tax on unexpended net receipts of the church amounting to $625 and on the taxable net, long-term capital gain realized from the sale of the property. It is held that the petitioners were trustees for the members of the church and that they are not individually liable for tax on the above items of net receipts and capital gain. It is held, also, that the petitioners did not receive anything in excess of the *253 salary of the Reverend DuRossette in the individual joint return. The respondent's determinations are reversed. In this proceeding it is not necessary to discuss extensively the reasons for the conclusion reached under the main issue. Finding that the petitioners were trustees for the members of the church, it follows that they are not individually liable for tax on the two items in dispute. But it may be noted that the evidence establishes that the prerequisites of a charitable or religious trust existed in the taxable year; and, also, that the church property was purchased with funds belonging to the church members, and, therefore, a resulting trust in favor of the church members arose. This is shown, also, by the holding of the title to the church property in the name of trustees. There was no written trust instrument, but the facts and circumstances are such that a trust is found to have existed in the taxable year. A trust clearly was intended. Decision will be entered for the petitioners.